**UNITED STATES of America,**
**Appellant,**

v.

**Robert P. DEANE, Defendant, Appellee.**

**No. 90–1085.**

United States Court of Appeals,
First Circuit.

Heard June 8, 1990.
Decided Sept. 10, 1990.

---

**12**

Susan R. Via, Asst. U.S. Atty., Pittsburgh, Pa., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for U.S.

James G. Reardon with whom James G. Reardon, Jr., Julie E. Reardon and Reardon & Reardon, Worcester, Mass., were on brief, for defendant, appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRES,* District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Robert Deane was convicted in the United States District Court for the District of Massachusetts of sexual exploitation of children in violation of 18 U.S.C. § 2252(a)(1). In sentencing Deane, the district court departed below the sentencing range provided by the United States Sentencing Guidelines. The government appeals. We are constrained to vacate the sentence and remand for resentencing.

Deane became the target of a government sting operation after government officials found his name on a convicted child molester's list of child pornography magazine subscribers. As part of the government's sting operation, undercover government officials, posing as members of child pornography distribution and trade organizations, sent to Deane numerous child pornography catalogues and several offers to purchase and sell child pornographic photos, magazines, and videos. When Deane expressed an interest in purchasing videotapes, an undercover official told him that he would prefer to trade rather than sell materials. After this official's offer to trade, Deane mailed three child pornography magazines to the official.

In October 1989, Deane pleaded guilty to knowingly mailing three magazines containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). Pursuant to section 2G2.2 of the Sentencing Guidelines, which provides the offense level for "transport-

* Of the District of Rhode Island, sitting by desig-   nation.

ing, receiving, or trafficking in material involving the sexual exploitation of a minor," Deane's total offense level was determined to be thirteen.[1] The Guidelines provide a sentencing range of twelve to eighteen months imprisonment and a fine of $3,000 to $30,000 for offense level 13. The government recommended the minimum sentence within the Guidelines range. The defense argued for a downward departure from the Guidelines range, recommending that the district court impose probation without any imprisonment.

The district court accepted the defense's recommendation and sentenced Deane to five years probation, 1,000 hours of community service and a fine of $5,050. The district court's stated reasons for the downward departure were that

> The conduct of which defendant stands committed is near the least serious point in the very wide and disparate range of conduct comprehended by the guideline involving no acting out but rather private fantasies and an otherwise exemplary life. It does not appear that the Sentencing Commission had an adequate opportunity to consider providing more discriminating gradations within this range for this type of conduct particularly when greater protection for society can be obtained by imposing maximum length of probation supervision (60 months) as opposed to guideline maximum (18 months incarceration plus 36 months supervised release: 54 months); and the Bureau of Prisons can offer no meaningful counselling program.

Additionally, in its oral statement at the sentencing hearing, the court stated that it had read the letter from Deane's former wife, "concerning the relation Mr. Deane had with the children and the children's continued respect and concern for their father." The court also stated, "My reasons for departure are that this is simply a form of activity that it appears that the sentencing commission did not adequately take into consideration in formulating the guidelines."

On appeal, the government argues that the district court's downward departure must be reversed, because it was contrary to the standard set forth in 18 U.S.C. § 3553(b), which provides that the court shall impose a sentence within the range provided for by the Guidelines, "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." The government argues that none of the mitigating circumstances mentioned by the district court fit into the category described in section 3553(b) as justifying a departure.

We conclude that this case is controlled by our decision in *United States v. Studley*, 907 F.2d 254 (1st Cir.1990), which issued after argument was heard in this case. In *Studley*, the defendant was convicted of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). As in this case, Studley's total offense level was determined to be 13. The district court made a downward departure, sentencing Studley only to probation, for very similar reasons to those given by the court below for departure in sentencing Deane. *See Studley*, 907 F.2d at 257. We reversed on the ground that the downward departure was not justified by any circumstances which the Commission had failed to consider. *Id.* at 257–260.

■ The primary reason for the downward departure given by the district court here, and argued by Deane on appeal, is that the Commission did not adequately consider the full range of conduct covered by section 2G2.2, and that Deane's conduct falls at the very least serious end of this range. Deane argues that his conduct was far outside the heartland of offenses covered by section 2G2.2, because he was a mere passive offender who has not engaged in distribution of pornography on a significant scale or for pecuniary gain, and has never engaged in any sexual activity with

---

1. Section 2G2.2(a) provides for a base offense level of 13. Deane's offense level was increased by two under section 2G2.2(b)(1) for material involving a prepubescent minor and decreased by two under section 3E1.1(a) for Deane's acceptance of responsibility.

minors nor shown a tendency toward such behavior. He further argues that the passive nature of his offense is demonstrated by his "otherwise exemplary life." Deane points to evidence that he was a model employee and that he was a successful and admired father.[2]

This Circuit felt obliged to reject the identical argument in *Studley*. We said the notion that passive offenders are atypical rested on the unfounded "assumption that most defendants convicted of receiving child pornography are also child molesters and extroverted deviates." Slip op. at 9. As to the contention that the Commission failed to consider the full range of conduct covered by section 2G2.2, we stated: "The [district] court believed that the Sentencing Commission had not considered the 'full range' of degrees of criminal conduct in the commission of this type of offense and that 'only one member of the Commission had ever had any sentencing experience.' Such rationalization, however, cannot justify virtual abandonment of the guidelines...." *Id.* at 259.

The argument that the Commission did not consider the full range of conduct covered by section 2G2.2 is belied, moreover, by the fact that the Commission provided for an increase of at least five levels, "if the offense involved distribution." Sentencing Guidelines § 2G2.2(b)(2). The commentary to this section defines distribution as "an act related to distribution or pecuniary gain, including production, transportation, and possession with intent to distribute." That the Commission explicitly distinguished such active conduct covered by section 2G2.2 strongly implies that the Commission was aware that section 2G2.2 would also cover the more passive violators, such as Deane.

Deane argues that the district court's downward departure is justified by the fact that the Commission did not use statistical averages (based on pre-guidelines sentencing patterns) in determining offense levels for this offense, while it did use such empirical data in determining levels for most other offenses. He also contends that the consistent prior practice in the District of Massachusetts and other districts has been to sentence defendants similar to Deane only to probation.

■ The Commission's failure to use empirical data or to follow prior sentencing patterns, however, is more a criticism of the Commission's methods than it is "an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission," under 18 U.S.C. § 3553(b). The Commission obviously was aware of its own methods in adopting section 2G2.2. The alleged inadequacy of these methods cannot serve to justify a downward departure. *Cf. United States v. Summers*, 893 F.2d 63, 66–67 (4th Cir.1990) ("[T]he district court may not concern itself with background documents considered by the Commission, the extent or adequacy of Commission debate about a particular circumstance, or subjective Commission intent regarding a circumstance."). *See also United States v. Aguilar–Pena*, 887 F.2d 347, 353 (1st Cir.1989) ("Judicial dissatisfaction alone, no matter how steeped in real-world wisdom, cannot be enough to trigger departures, lest the entire system crumble.").

■ An additional reason for the downward departure mentioned by the district court in its written statement was that "the Bureau of Prisons can offer no meaningful counselling program." However, as we held in *Studley*, this does not justify a downward departure, absent exceptional circumstances and "a finding that the defendant has an exceptional need for, or ability to respond to, treatment." At 259.

In sum, we are obliged to conclude that the district court's downward departure from the range provided by the Sentencing Guidelines was not justified by circum-

---

**2.** Deane concedes that under section 5H1.6 of the Sentencing Guidelines, "family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines." He nonetheless argues that

his familial relationships "demonstrate that he is an atypical, exceptionally 'passive' offender under 18 U.S.C. § 2252(a)(1), and had absolutely no aggravating circumstances in his background."

stances which the Sentencing Commission failed adequately to take into consideration. In so determining, we acknowledge the force of some of the district court comments. We commend the court for forwarding its comments to the chairman of the Sentencing Commission, a practice we strongly encourage when judges encounter what they perceive to be flaws in the mandated sentencing ranges. Because, however, the law requires the court to comply with the current Guidelines, we vacate Deane's sentence and remand his case for resentencing in accordance herewith.

*So Ordered.*