**UNITED STATES of America, Plaintiff–Appellant, Cross–Appellee,**

v.

**Peter T. SAYLOR, Defendant–Appellee, Cross–Appellant.**

No. 90–5788.

United States Court of Appeals, Eleventh Circuit.

April 24, 1992.

Stewart G. Abrams, Asst. Federal Public Defender, Miami, Fla., for Peter T. Saylor.

Dexter Lehtinen, U.S. Atty., Mary K. Butler, Harriett R. Galvin, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for U.S.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Peter Saylor was convicted of receiving a videotape of minors engaging in sexually explicit conduct and of conspiracy in connection therewith in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 371. He appeals his conviction, alleging insufficient evidence as to both counts. The United States appeals the sentence, arguing two points: Saylor's sentence should have been enhanced because the material involved

prepubescent minors or minors under the age of twelve years; and the district court erred in reducing Saylor's sentence on the finding that defendant was a minor participant. We affirm.

As to the insufficiency of evidence argument, this appeal is due to be affirmed without opinion under our 11th Cir.Rule 36–1. The evidence both as to the existence of a conspiracy and that Saylor received the subject video was sufficient to go to the jury.

Likewise, the Government's appeal on the ground that the district court erred in finding the defendant played a minor role is due to be affirmed without discussion. There is sufficient evidence to sustain the district court's finding. Although the Government cites evidence that would probably support a contrary finding, the district court's resolution of the evidence must be affirmed under the clearly erroneous standard of review.

The Government's argument that the district court was required to give a two level enhancement to Saylor's sentence based on section 2G2.2(b)(1) of the Federal Sentencing Guidelines is the most difficult issue on this appeal. The referenced guideline provides:

If the material involved a prepubescent minor or a minor under the age of twelve years, increase by two levels.

United States Sentencing Commission, *Guidelines Manual,* § 2G2.2(b)(1) (Nov. 1991).

Although defendant stipulated at trial that the subject videotape depicted minors engaged in sexually explicit conduct, he did not concede that the participants in the subject tape were either prepubescent or under the age of twelve years. In fact, in his motion to delete that portion of the presentence investigation report, defense counsel argued that "it was not clear from the information in the investigation in that case that Mr. Saylor was aware of the young age of the girls or the children involved" at the time he received the tapes. Apparently he knew after he received and viewed the tapes. Although the tapes have not been made a part of the record on appeal, the defendant does not argue that the tapes in fact did not depict children of the ages described in the enhancement guideline.

The Government's argument at sentencing on this point was brief. It referred to the order form, which specifically states that all of the films involve "young boys and girls 6 to 15 years old," which the Government argues were stock movies, already produced movies, not custom movies. The Government argued the evidence showed that the defendants were well aware that the material they would receive would involve children as young as six. Conceding the evidence that defendants preferred models older than twelve, it argued that the guidelines "specifically provide that if the material involves children under the age of 12 that the guideline should be enhanced. And that was specifically clear to these defendants from the order form which they filled out." In reference to the point, Saylor's attorney argued that to be subject to an enhanced sentence, he "had to intend to possess these tapes involving or depicting minors."

There is sufficient evidence to support a finding that the defendant was not interested in such young children and that he sought to receive videotapes of children older than 12 years. Even though the literature suggested that children from 6 to 15 years of age would be involved, there is some evidence that defendant sought to exclude the younger children from the order form and that he knew such videotapes did not always deliver what was advertised. The district court made no explicit finding of fact but simply stated that the defense motion to delete the two level increase because of the "aspect of the minors should be granted." To the extent that the issue turns on a factual finding that defendant did not intend to receive material involving the younger children, the district court's implicit finding is due to be affirmed on the clearly erroneous standard of review.

Even assuming this fact, however, the Government argues that "the mental state of the defendant regarding the depictions in the materials received is irrelevant for

the purposes of applying the enhancement." Its contention is that if the defendant knowingly receives material containing depictions of minors in sexually explicit conduct under the criminal statute, the two level enhancement of the sentencing guidelines automatically kicks in, irrespective of the intent or preference of the defendant.

We are not sure it is necessary for us to review this argument because it was not explicitly made to the trial court. The enhancement issue was really presented to the trial court as a factual issue and not as a legal issue. Since we review the sentence for decisional errors of the trial court, we normally will not review issues that were not presented for decision to the trial court. *In re: Pan American World Airways, Inc.*, 905 F.2d 1457, 1461–62 (11th Cir.1990).

Nevertheless, we will rule on the merits of the Government's argument so that the decision here will not be misunderstood. The Government cited two cases involving this guideline for the proposition that the "district court cannot ignore the guidelines," *United States v. Studley*, 907 F.2d 254 (1st Cir.1990), and *United States v. Deane*, 914 F.2d 11, 12–13 (1st Cir.1990). Neither the Government nor the defendant has cited any cases indicating how this particular guideline is to be applied, however. Although the Government apparently faults the district court by citing 18 U.S.C. § 3553(c)(2), which states the court must state reasons for imposing sentence outside the guideline range, it is apparent that the district court thought it was imposing the sentence within the guideline range because the facts do not support the Government's position as to application of the enhancement provision. No argument was made to the district court that the sentence imposed was outside the guideline range.

The Government draws an analogy between this case and our recent decision holding that a defendant may be sentenced under 21 U.S.C. § 841(b) to a mandatory minimum prison term based on the quantity and type of a controlled substance he possessed, even if he did not know either the quantity or type of substance:

> [T]hose who, acting with a deliberate anti-social purpose in mind, become involved in illegal drug transactions, assume the risk that their actions will subject them to enhanced criminal liability.

*United States v. Gomez*, 905 F.2d 1513, 1514–15 (11th Cir.1990) (citations omitted). In that case, we distinguished between cases where the indictment upon which the defendant was found guilty specified the type and quantity of drug involved and those cases where neither the indictment nor the jury verdict made these facts clear. *United States v. Alvarez*, 735 F.2d 461 (11th Cir.1984).

In this case, the indictment referred only to "children" in the conspiracy count and to "minors" and "young girls" in the substantive count, and did not allege the age of the children that would permit enhancement. Thus, *Gomez* and *Alvarez* tend to support the argument that the enhancement should not apply if the defendant intended to receive material involving children over 12 years of age, and whose conviction by the jury did not show otherwise.

In any event, the purpose of the criminalization of drug distribution is to keep the controlled substance out of the uncontrolled market, *i.e.*, to keep drugs out of the hands of the ultimate user. A major purpose of section 2252 is to prevent the exploitation of children in the making of such videotapes. If the market can be eliminated, the production would cease. This was a Government sting operation. The Government's contention that the defendant's state of mind is irrelevant would permit the Government to obtain enhancement by delivering material with the depiction necessary for enhancement to a person who did not intend to receive it and who had clearly ordered videotapes of older children. This proposition would be out of step with the obvious intended purpose of the enhancement provision, *i.e.*, to afford additional protection against the exploitation of children under 12 by giving enhanced penalty for those who provide a market for such material. If a defendant

by intention is not a part of the market for videotapes of the younger children, then the penalties set for receipt of material with the older participants are the ones decided by the Guidelines to be sufficient penalty for that market. To the extent that the purpose of the law is to protect children against abuse by persons who might be motivated by seeing these films, the fault would lie with the Government that distributed the unwanted material.

Saylor's co-defendant was the actual target of the sting, but he introduced Saylor to the possibility of receiving this material. Upon pleading guilty to the same two counts charged against Saylor, the co-defendant, who had ordered the material from the Government sting corporation, testified at Saylor's trial. It was clear to the testifying co-defendant that Saylor did not want to receive material portraying such young children. The Government did not oppose probation for that co-defendant, who became a part of the sting operation in the delivery to Saylor. The result of the Government's enhancement in this case would be a prison term for the one whom the district court held to have a minor role, while the major participant would get probation. Although equality of sentences for co-defendants is not required by law, it is quite apparent that under all the circumstances of this case, the district court should not be reversed.

AFFIRMED.