United States Court of Appeals,

Eleventh Circuit.

No. 94-8079.

UNITED STATES of America, Plaintiff-Appellee,

v.

Tommy Hugh COLE, Defendant-Appellant.

Aug. 11, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-CR-269-1), J. Owen Forester, Judge.

Before BIRCH and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge.

PER CURIAM:

Tommy Cole was convicted of knowingly receiving a videotape of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). He appeals his conviction, challenging the constitutionality of the statute and the sufficiency of the evidence. He also appeals his sentence, arguing that the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2G2.2(b)(1). We affirm his conviction without discussion, *see* 11th Cir. Rule 36-1, but vacate his sentence and remand for resentencing.

The Sentencing Guidelines provide for a two-level increase in offense level if the sexually explicit "material" involved a minor who is either "prepubescent" or "under the age of twelve years." U.S.S.G. § 2G2.2(b)(1). In *United States v. Saylor,* 959 F.2d 198 (11th Cir.1992), this court determined that a section 2G2.2(b)(1)

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

enhancement is appropriate only if the government shows that the defendant *intended* to receive materials involving such a minor. "The Government's contention that the defendant's state of mind is irrelevant would permit the Government to obtain enhancement by delivering material with the depiction necessary for enhancement to a person who did not intend to receive it and who had clearly ordered videotapes of older children." *Saylor,* 959 F.2d at 200.

The sentencing court found that Cole intended to receive sexually explicit tapes involving minors under the age of twelve, expressly declining to consider whether he intended to receive tapes involving prepubescent minors.[1] The relevant sentencing evidence showed that Cole received an order form offering "videos contain[ing] boys and girls aged 6 to 15 engaged in sex action." The form requested a second choice, as well as a first choice, in the event the first choice was unavailable. Cole chose a video of twelve-, thirteen- and fourteen-year-olds as his first choice and a video of a fourteen-year-old as his second choice, and enclosed $35.00—the price of one video—with the order form. With the order form, Cole also included a letter stating, "I do wish to purchase all of your tapes." Finally, the evidence showed that although Cole received his first choice, it actually involved a minor under the age of twelve.

The sentencing court, in finding that Cole intended to receive a tape involving a minor under the age of twelve, stated

---

[1]The court declined to consider Cole's intent to receive material involving a prepubescent minor, as opposed to a minor under the age of 12, out of concern that the use of the word "prepubescent" in section 2G2.2(b)(1) was unconstitutionally vague.

that

> [i]t is questionable as to what [Cole] really wants. But with the additional statement ["I do wish to purchase all of your tapes"], I think that there is evidence that he is in the market for the kind of pornography that would necessarily exploit the very young, the very immature, and that entitles him to two levels in my judgment.

We review the court's finding for clear error. *United States v. Hall,* 46 F.3d 62, 63 (11th Cir.1995).

Based on the record, we conclude that the sentencing court clearly erred in finding that Cole, in committing his offense, intended to receive tapes of minors under the age of twelve years. Cole specifically ordered a tape of twelve- to fourteen-year-olds and sent only enough money to cover the one tape. *Cf. Saylor,* 959 F.2d at 199-200. His receipt of the tape constituted the offense for which he was convicted. The court erred by enhancing Cole's sentence based on the statement of future intention found in the letter Cole mailed with the order form.

Having found clear error in the sentencing court's finding, we vacate Cole's sentence and remand this case for resentencing in a manner consistent with this opinion.

AFFIRMED in part; VACATED in part; and REMANDED.