United States Court of Appeals,

Eleventh Circuit.

No. 97-2767

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Bobby Ray TUCKER, Jr., Defendant-Appellant.

March 5, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 5:96-cr-35-LAC), Lacey A. Collier, Judge.

Before RONEY, KRAVITCH and CLARK, Senior Circuit Judges.

PER CURIAM:

Bobby Ray Tucker appeals his sentence for transporting or shipping in interstate commerce material depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1).

On appeal, Tucker contends that his sentence should be vacated and his case remanded for resentencing because the district court improperly assessed him a four-level enhancement under U.S.S.G. § 2G2.2(b)(3) for intending to possess material involving the sexual exploitation of a minor depicting minors involved in sadistic, masochistic, or other violent acts.

A sentencing court's findings of fact are reviewed for clear error. *United States v. Young,* 115 F.3d 834, 836 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 727, --- L.Ed.2d ---- (1998). This Court reviews the application of the sentencing guidelines to the facts *de novo. United States v. Williams,* 51 F.3d 1004, 1011 (11th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 258, 133 L.Ed.2d 182 (1995).

Upon review of the parties' briefs, sentencing transcript, PSI, and other relevant portions of the record, and consideration of the arguments of the parties, we find no reversible error.

Although this court has not specifically addressed enhancement under U.S.S.G. § 2G2.2(b)(3), it has held that an enhancement under U.S.S.G. § 2G2.2(b)(1) for possession of material involving a minor who is prepubescent or under the age of 12 requires the government to show that the defendant intended to receive such material. *United States v. Cole,* 61 F.3d 24, 24 (11th Cir.1995) (quoting *United States v. Saylor,* 959 F.2d 198, 200 (11th Cir.1992))).

The Fifth Circuit has found that enhancement under § 2G2.2(b)(3) has an intent requirement. In *United States v. Kimbrough,* 69 F.3d 723, 734 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996), the court found that pictures of a minor female in bondage downloaded onto the defendant's computer were sufficient evidence to conclude that the defendant had intentionally ordered and possessed pornography that depicted sadistic or masochistic conduct. In *United States v. Canada,* 110 F.3d 260, 264 (5th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 195, --- L.Ed.2d ---- (1997), the court found an enhancement under § 2G2.2(b)(1) was supported by evidence of sadistic material and active trading in child pornography was found on the hard drive of the defendant's computer.

We adopt the reasoning of the Fifth Circuit and find that intent is a necessary requirement of a § 2G2.2(b)(1) enhancement, and find that there was sufficient evidence that Tucker intended to possess material depicting minors involved in sadistic, masochistic, or other violent acts. Tucker concedes that pictures of minors in bondage were located on the hard drive of his computer. The government introduced Internet conversations taken from Tucker's computer which showed that while he was looking for pictures he stated that he was into "young action" and would "like to start trading (3)27" and introduced a listing of Internet conversations documenting Tucker's trading of

such images.

We conclude that the district court properly assessed Tucker a four-level enhancement for intending to possess material depicting minors involved in sadistic, masochistic, or other violent acts.

AFFIRMED.