**UNITED STATES of America,**

v.

**Scott TYREE, Appellant.**

No. 03–3985.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Feb. 17, 2005.

Decided Feb. 17, 2005.

Bonnie R. Schlueter, Laura S. Irwin, Office of United States Attorney, Pittsburgh, PA, for Appellee.

R. Damien Schorr, Pittsburgh, PA, for Appellant.

Before: SLOVITER, AMBRO and ALDISERT, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Appellant Scott Tyree appeals his conviction and sentence. For the reasons that follow, we affirm Tyree's conviction. However, in light of *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we remand for resentencing.

## I.

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. As we write only for the parties, we need not restate the facts. Because Tyree's challenge to his conviction raises an issue of statutory construction, we exercise plenary review. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir.1998).

Tyree pleaded guilty to Counts Two and Four of his indictment, in which he was charged with traveling in interstate commerce with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b) and sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), respectively. His plea to the sexual exploitation offense, however, was conditioned on his preservation of the following issue for appeal: whether the video of the child victim at issue depicts sexually explicit conduct as that term is defined in 18 U.S.C. § 2256.

Specifically, 18 U.S.C. § 2256(2) defines "sexually explicit conduct" to include five types of sexual activity, one of which is "sadistic or masochistic abuse." 18 U.S.C. § 2256(2)(iv). Here, the video shows the child victim standing in her underwear, hands bound, wearing a collar around her neck, and her buttocks red as if having just been beaten. The focus of the video is plainly on the child victim's bound body, which is in a submissive pose.

Courts have defined sadism as the "infliction of pain upon a love object as a means of obtaining sexual release" and "delight in physical or mental cruelty." *United States v. Wolk*, 337 F.3d 997, 1007–08 (8th Cir.2003) (quoting *United States v. Parker*, 267 F.3d 839, 847 (8th Cir.2001)); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir.1996) (discussing definition of sadism as including "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," and the use of "excessive cruelty."). Here, the video conveys that pain had been inflicted on the victim, and that the pain was inflicted for a sexual purpose. Thus, the video's content depicts sadistic acts. *Cf. United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir.1995) (holding that computer files depicting female minors in bondage constitute "sadistic or masochistic conduct" within the meaning of U.S.S.G. § 2G2.2(b)(3)); *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir.1998) (stating that photographs depicting minors in bondage are sufficient to establish sadistic conduct for purposes of enhancing the defendant's sentence).

Tyree nevertheless argues that the video fails to fall within the ambit of § 2256 because it does not depict the "abuse itself," implying that the video must depict, for example, the actual beating in order to sustain his conviction. Although Tyree cites cases in which the depictions at issue show acts of inflicting pain, these cases do not establish that such a showing is a requirement for a finding that sadistic abuse has been depicted. Significantly, Tyree has not cited any support for his contention that the video does not involve sadistic abuse. Further, because the video depicts the child victim bound, nearly naked, standing in a submissive position, and having apparently suffered (and as her testimony establishes, actually having suffered) a beating, Tyree's argument that

the video does not depict "sadistic or masochistic abuse" within the meaning of the statute is unpersuasive.

We therefore affirm Tyree's conviction.

## II.

The remainder of the issues on appeal involve Tyree's challenges to his sentence, including a challenge to his sentence under *Booker*. Having determined that the sentencing issues Tyree raises are best determined by the District Court in the first instance, we remand for resentencing in accordance with *Booker*.

\*   \*   \*   \*   \*   \*

Accordingly, we affirm Tyree's conviction and remand for resentencing.