

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Tyree

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Tyree" (2006). *2006 Decisions.* Paper 1027.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1027

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2698

UNITED STATES OF AMERICA

v.

SCOTT TYREE,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 02-cr-00019-1)
District Judge: Honorable William L. Standish

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2006

Before: RENDELL, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed   May 31, 2006 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Scott Tyree pleaded guilty in 2003 to traveling in interstate commerce for the

purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b),

and transporting a minor in interstate commerce with the intent that such minor engage in

sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the District Court sentenced Tyree to a 180-month term of imprisonment on the first count and a 235-month term on the second, to be served concurrently. On appeal, we upheld his conviction but remanded for resentencing in light of *Booker*. *United States v. Tyree*, 123 F. App'x 508, 510 (3d Cir. 2005). On remand, the District Court imposed an identical sentence, which Tyree now appeals.

Tyree challenges his resentencing on three grounds. First, he argues that the District Court unconstitutionally enhanced his sentence beyond the statutory maximum based on facts that were neither found by a jury nor admitted as part of his guilty plea. *See Booker*, 543 U.S. at 244. Under the United States Sentencing Guidelines, the District Court was to apply one of three guidelines to Tyree's violation of 18 U.S.C. § 2423(b), each of which resulted in a different sentence. The District Court determined, based on its own factual findings, that the guideline resulting in the highest sentence applied here. Tyree contends that this decision effectively increased his statutory maximum beyond that provided for by the facts he had admitted, in violation of *Booker* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Though *Booker* rendered the Sentencing Guidelines advisory, district courts must nevertheless calculate the correct guidelines range applicable to a defendant's particular

2

circumstances before imposing a sentence. *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). This requires "precisely the same exercise in judicial fact finding" as it did prior to *Booker*, so long as the sentencing court does not treat the resulting guidelines range as mandatory. *United States v. Miller*, 417 F.3d 358, 363 (3d Cir. 2005). Because the District Court clearly recognized that its Guidelines calculation was only advisory, and because the sentence it imposed for the violation of 18 U.S.C. § 2423(b) did not exceed the statutory maximum set forth in that provision, we conclude that the District Court did not err in determining the facts necessary to ascertain the applicable guideline range for Tyree.

Tyree's second claim is that the District Court relied on improper information to arrive at a sentence. In particular, Tyree contends that the District Court should not have considered his confession to the FBI, his counsel's in-court statements, and the government's review of evidence to determine which guideline applied to his crimes. Because such evidence was neither an "admission" of facts for *Booker* purposes nor a stipulation as to which guideline should apply, Tyree argues that it was improper under *Booker* for the District Court to rely upon it.

We reject this argument. Whether the information relied upon by the District Court qualifies as an admission or stipulation does not bear on the question of whether the District Court could rely on it in determining sentencing facts. A sentencing court is permitted to find facts based on a preponderance of the evidence in order to determine a

defendant's advisory Guideline range. *Cooper*, 437 F.3d at 330. Here, the District Court relied primarily on Tyree's confession to the FBI to determine the facts relating to his criminal conduct, and there is no suggestion that the confession was involuntary or otherwise invalid. It was clearly proper for the District Court to rely upon it in making factual findings pertaining to Tyree's sentence. Nor has Tyree identified any specific statements by his counsel or by the government that the District Court improperly considered, and we have found none.

Finally, Tyree argues that his resentencing was unconstitutional because he could have received a sentence for pre-*Booker* conduct above that which he would have received under the applicable Guidelines range. Tyree contends that the *Booker* remedy – resentencing under an advisory Guidelines scheme – exposed him to an increase in his maximum sentence in violation of the *ex post facto* principle of the Due Process Clause. We disagree. "[A]pplication of *Booker*'s remedial holding to cases pending on direct review does not violate the *ex post facto* principle of the Due Process Clause." *United States v. Pennavaria*, 445 F.3d 720, 724 (3d Cir. 2006). The Supreme Court clearly instructed that its remedial holding in *Booker* should be applied to all cases on direct review. *Booker*, 543 U.S. at 268. Moreover, Tyree had fair warning that his conduct exposed him to a prison term of up to 20 years under 18 U.S.C. § 2251 and that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum. *See Pennavaria*, 445 F.3d at 723-24.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.