

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# USA v. Frank

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Frank" (2006). 2006 Decisions. Paper 437.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/437

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4470
_____

UNITED STATES OF AMERICA

v.

CHAD FRANK,
                                          Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 04-cr-00029)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2006

Before: SLOVITER, WEIS and GARTH, Circuit Judges.

Filed September 20, 2006
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant pleaded guilty to one count of a conspiracy in violation of 18

U.S.C. § 371, five counts of use of a minor to produce visual images of sexually explicit

conduct in violation of 18 U.S.C. § 2251(a), eleven counts of receiving and distributing

visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C.

§ 2252(a)(2), and one count of possessing videotapes of sexually explicit conduct with a minor in violation of 18 U.S.C. § 2252(a)(4). The District Court sentenced defendant to 420 months of imprisonment, a period above the guidelines range of 262-327 months.

On appeal, defendant contends that the District Court erroneously applied a four-level enhancement pursuant to former section 2G2.2(b)(3) (renumbered 2G2.2(b)(4) effective November 1, 2004) of the guidelines because there was no evidence of record showing, nor did he admit, that he intended to receive materials portraying sadistic or masochistic conduct toward minors. Defendant also argues that the District Court erred in not providing notice of intent to depart upwards and in failing to state the reasons to do so. Finally, defendant asserts that the sentence was unreasonable.

Before the sentencing hearing, the parties stipulated that any enhancements should be based on findings beyond a reasonable doubt. The District Judge made his rulings on the record using that standard.

Defendant called Dr. Sadoff, a clinical psychologist, who testified at length about his evaluation of defendant. At one point, Dr. Sadoff opined that he did not see defendant as sadistic or masochistic because there was no indication that he got pleasure from hurting people. The doctor conceded that defendant "has pedophilic proclivities" and other mental problems and recommended long-term treatment.

The government produced Michelle Foisy, a co-defendant, who testified about the defendant's conduct, including his activities with minors and his connection

2

with a person in Australia named George. She testified that defendant would show her images of child pornography on his computer for hours at a time.

The government also called Special Agent Negron of the Immigration & Customs Enforcement. She testified about materials seized from defendant, including a computer, video tapes and communications with the Australian authorities about their investigation of George.

Following the testimony, the Court heard argument on whether various enhancements under the guidelines were applicable. After ruling on each potential enhancement, the judge stated, "I am also finding beyond a reasonable doubt that the offenses involved material that portrays sadistic or masochistic conduct and that enhancement applies."

After further extensive argument, the judge announced that he would disclose the sentence he intended to impose and then would ask counsel if "there are any objections with respect to the accuracy or the regularity of the sentence. . . . If there are no objections, then I will impose the sentence." After disclosing the sentence, there were no objections or further submissions and the judge imposed the sentence of thirty-five years.

Former section 2G2.2(b)(3) provides for a four-level increase to the base offense level for possession, receipt, or delivery of images of child pornography if "the offense involved material that portrays sadistic or masochistic conduct or other depictions

of violence." U.S.S.G. § 2G2.2(b)(3). The parties do not dispute that three of the files on the defendant's computer–those listed in Counts 7, 8, and 11–contain sexually explicit images of young boys being sodomized by adults. Defendant also does not dispute that these images do in fact qualify as "material that portrays sadistic or masochistic or other depictions of violence."

Because section 2G2.2(b)(3) does not include any specific intent element, defendant argues that we should read one into the guidelines. He cites United States v. Tucker, 136 F.3d 763, 764 (11th Cir. 1998) (per curiam) and United States v. Kimbrough, 69 F.3d 723 (5th Cir. 1995) in support of his argument.

In both Kimbrough and Tucker, however, the Courts found sufficient evidence to support intent where sadistic images were discovered on the defendants' computers. Tucker, 136 F.3d at 764; Kimbrough, 69 F.3d at 734. Even if intent is an element of the enhancement, which we do not decide here, adequate evidence on the record supports the application of this enhancement to the defendant's sentence.

As the government outlines in its brief: defendant was an active member of an international group of pedophiles who regularly traded child pornography; evidence shows that defendant accepted the images sent to him and did not dispose of them, but kept them on his computer; further, the defendant's girlfriend testified that he not only viewed the images displaying sadistic or masochistic conduct, but did so for hours.

Viewed together, there is more than sufficient evidence from which the trial

4

judge could conclude beyond a reasonable doubt that defendant intended to receive these pictures. See, e.g., United States v. Wolk, 337 F.3d 997, 1008 (8th Cir. 2003) (holding that defendant's Internet conversations and possession of such material constituted sufficient evidence of intent); Tucker, 136 F.3d at 764 (finding intent where defendant retained such images on computer).

We have studied with great care the transcript of the sentencing hearing and the presentence report that a United States Probation officer prepared. We find no error in the District Court's enhancements, which were adequately supported by the record. In addition, we note that the District Court recognized that the guidelines were only advisory and were not mandatory. Moreover, it is not necessary that the district judge announce the enhancement in advance of the imposition of sentence, although he did so in this case. See U.S. v. Vampire Nation, 451 F.3d 189, 197-98 (3d Cir. 2006).

It is clear from the extensive sentencing proceeding that the District Court fully considered the applicable sentencing factors listed in 18 U.S.C. § 3553(a). As we said in United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), "[t]here are no magic words that a district judge must invoke when sentencing." Id. at 332. "Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." Id. at 330 (quoting United States v. Williams, 425 F.3d 478, 481 (7th Cir. 2005).

Finally, we do not find the sentence to be unreasonable. It is all too clear

5

from the record that defendant has been an active pedophile with his activities extending even beyond this country. The sentence is lengthy but it is not inconsistent with the conduct to which he pleaded guilty.