BLD-027                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3464
_____

UNITED STATES OF AMERICA

v.

CHAD FRANK,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00029)
District Judge:  Berle M. Schiller

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed:  November 10, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Federal inmate Chad Frank appeals from an order of the District Court denying a

motion for reconsideration in his criminal proceedings.  The order effectively upheld the

District Court's earlier denial of Frank's motion to compel the Government to move for a

substantial assistance-based sentence reduction.  We will summarily affirm.

Frank was sentenced to a term of 420 months of imprisonment following an open guilty plea to criminal offenses that involved child pornography. Frank's sentence was outside the recommended guidelines range of 262-327 months. We found no error in the District Court's application of certain sentencing enhancements, and we concluded that its ultimate sentence—the product of an upward departure—was reasonable. See United States v. Frank, 195 F. App'x 114, 117 (3d Cir. 2006).

Years later, Frank filed a pro se motion for "specific performance," in which he asked the District Court to compel the Government's filing of a motion under Rule 35(b) of the Federal Rules of Criminal Procedure. That rule provides for the reduction of a defendant's sentence if he provides the Government with "substantial assistance in investigating or prosecuting another person."

In his motion, Frank made the following general averments: (1) that he had "cooperated with the government's prosecution of a large pedophile, child molester and distribution of pornography ring"; (2) that "the government asserted that defendant's cooperation was essential, imperative and crucial to its cause and target of prosecution"; and (3) that "the United States advised defendant that it intended to make a substantial assistance motion pursuant to the terms of and conditions of the plea agreement at the conclusion of the investigation." Frank also described the specific nature of his participation in the relevant criminal investigation:

> Prior to defendant's conviction and sentence and in conjunction with the written agreement, he did provide fact specific information regarding one Dustan Dennington. As

an initial matter defendant informed authorities of a 'boy lovers' gathering in Philadelphia and Dennington's participatory role. Further, defendant provided authorities with Dennington's online screen name, 'Weatherboy,' which allowed authorities an intricate viewing of illicit activities.

\* \* \*

Accordingly, the government agents used the information provided by the defendant, in large part, to obtain search warrants that resulted in obtaining crucial evidence against Dennington. Defendant's cooperation was significant and substantial to the extent he was 'furloughed' during the pendency of his case for the purpose of cooperating with law enforcement officials communicating online with other individuals known to be sexually interested in children.

The Government responded to Frank's motion by pointing out that "[b]ecause Frank refused to sign a written guilty plea agreement, there were no specific terms and conditions of an agreement which the government is now bound to honor." In addition, the Government stated that "[t]here is no active investigation or prosecution underway in the Eastern District of Pennsylvania of a child pornography ring based upon information provided by the defendant, nor is counsel aware of any investigations or prosecution that are active in any other district based on information provided by the defendant." By order entered June 14, 2011, the District Court denied Frank's Rule 35(b) motion for the reasons given in the Government's response.

Frank filed a motion for reconsideration. Attached to Frank's motion was a portion of our opinion in United States v. Dennington, 399 F. App'x 720 (3d Cir. 2010). The opinion explained that an affidavit from Frank was used as the basis for a government search warrant application that targeted the home of Dennington. The search

3

of Dennington's home "turned up a computer on which were stored between 10 and 150 unlawful images" of child pornography.  Id. at 721.  Dennington was arrested and eventually pleaded guilty to violating 18 U.S.C. § 2252.  He was sentenced to five years of imprisonment.  We affirmed Dennington's criminal judgment on appeal.  See id. at 728.

The District Court denied Frank's motion for reconsideration in a one-sentence, August 22, 2011 order.  Frank appealed.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

The denial of a motion for reconsideration is reviewed for abuse of discretion. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).  The purpose of a motion for reconsideration "is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling."  Id.

## III.

In this case, no evidence of a cooperation agreement between the Government and Frank was presented to the District Court.  In the absence of such an agreement, "it is clear that the prosecutor has almost unreviewable discretion over whether to file a substantial assistance motion."  United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998).

Two exceptions permitting federal court review of such prosecutorial discretion have been found to exist:  where there is evidence that Government's refusal is "based on an unconstitutional motive," and where there is evidence that the refusal is "not rationally

4

related to any legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. at 186. Rather, the movant must make a "substantial threshold showing" of impropriety in the Government's refusal to seek a sentence reduction. Id. at 185.

We have carefully considered the parties filings in the District Court and Frank's submission on appeal. We conclude that Frank has failed to make the extraordinary showing necessary under the Wade standard and, as result, we conclude that the District Court cannot be found to have abused its discretion in denying reconsideration of the June 14, 2011 order denying Frank's motion for specific performance. Specifically, Frank failed to put forth any evidence in the District Court indicating impropriety in the Government's refusal to file a Rule 35(b) motion.

Accordingly, we will summarily affirm the August 22, 2011 order of the District Court.