[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13100
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-20030-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENATO DIAZ-BARRERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 1, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Renato Diaz-Barrera appeals his 48-month sentence for possessing child pornography. He argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2G2.2(b)(2) for material that involves prepubescent minors because the government failed to prove that he intended to possess prepubescent child pornography.

We review a district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). We review a district court's finding on the applicability of the § 2G2.2(b)(2) enhancement for clear error. *United States v. Cole*, 61 F.3d 24, 25 (11th Cir. 1995). Under clear error review, we will not disturb a district court's factual findings unless we are left with a "definite and firm conviction that a mistake has been committed." *United States v. Almedine*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation marks omitted).

If a defendant challenges the factual basis for his sentence, the government must prove the disputed fact by a preponderance of the evidence. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). This burden must be satisfied by specific and reliable evidence. *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997). The preponderance of the evidence standard requires only that the trier of fact believes that the existence of a fact is more probable than its nonexistence. *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). In

order to meet this standard, the evidence submitted to prove the existence of the fact in question must bear some indicia of reliability. *Id.* A district court may find facts by a preponderance of the evidence that are beyond the scope of the indictment or trial and may use those facts to apply enhancements as long as it treats the Guidelines as advisory. *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005). The district court may properly base findings upon any undisputed facts in the presentence investigation report. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

Section 2G2.2(b)(2) provides a 2-level enhancement for offenders who possessed child pornography "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." U.S.S.G. § 2G2.2(b)(2).

In *United States v. Saylor*, we held that the district court did not err by not applying this enhancement for material involving a prepubescent minor or a minor under the age of 12[1] in the context of a government sting operation where the defendant affirmatively sought videotapes of children older than 12 years. 959 F.2d 198, 199 (11th Cir. 1992). The defendant did not dispute on appeal that the participants in the videos he received were prepubescent but argued that it was not

---

[1] The enhancement for material involving a prepubescent minor or a minor under the age of 12 was located at § 2G2.2(b)(1) in previous versions of the Guidelines, including the 1991 version applied in *Saylor*. *Saylor*, 959 F.2d at 199.

clear that he knew they were at the time he received them. *Id.* at 199-200. Although there was evidence that the defendant knew that the videos would involve children aged 6 to 15, there was evidence that the defendant sought to exclude the younger children from the order form and knew such videotapes did not always deliver what was advertised. *Id.* at 199. To the extent that the issue turned on a factual finding that the defendant did not intend to receive material involving the younger children, we affirmed the district court's implicit finding under the clear error standard. *Id.*

We then addressed the government's argument that the enhancement should apply irrespective of the intent or preference of the defendant, although we noted that it did not make this argument explicitly in the district court. *Id.* at 200. Noting that the indictment did not allege the age of the children that would permit enhancement, we stated that cases from other contexts where the indictment and jury verdict did not make clear facts that supported an enhancement "tend to support the argument that the enhancement should not apply if the defendant intended to receive material involving children over 12 years of age." *Id.* We explained that a major purpose of 18 U.S.C. § 2252 was to "prevent the exploitation of children in the making of such videotapes. If the market can be eliminated, the production would cease." *Id*. We recognized that "permit[ting] the government to obtain enhancement by delivering material with the depiction

4

necessary for enhancement to a person who did not intend to receive it and who had clearly ordered videotapes of older children" would be contrary to the purpose of the enhancement—providing enhanced penalties for those who provide a market for prepubescent minor material. *Id.* "If a defendant by intention is not a part of the market for videotapes of the younger children, then the penalties set for receipt of material with the older participants are the ones decided by the Guidelines to be sufficient penalty for that market." *Id.* at 200-201.

In *Cole*, we found that the district court clearly erred in applying this enhancement where the defendant ordered a child pornography video of 12- to 14-year-olds but also stated, "I do wish to purchase all of your tapes," and ultimately received a video involving a minor under the age of 12. *Cole*, 61 F.3d at 24-25. We summarized *Saylor* as determining that this enhancement "is appropriate only if the government shows that the defendant *intended* to receive materials involving such a minor." *Id.* at 24. We determined that the district court clearly erred in relying on his statement of future intention to find that he presently had the intent to receive materials involving such a minor. *Id.* at 25.

Applying the reasoning of *Saylor* and *Cole* here, the district court clearly erred in finding that the government met its burden of proving that Diaz-Barrera had the requisite intent to possess prepubescent child pornography to apply the § 2G2.2(b)(2) enhancement. The parties do not dispute the relevant facts as admitted

5

in the factual proffer and the PSI or the contents of the child pornography in Diaz-Barrera's possession, only whether the facts were sufficient to find intent to apply the § 2G2.2(b)(2) enhancement. As in *Saylor* and *Cole*, Diaz Barrera's mere possession of prepubescent child pornography among other child pornography did not warrant a finding that he intended to possess prepubescent child pornography. Unlike the defendant in *Saylor*, Diaz Barrera did not affirmatively reject prepubescent materials. *Saylor*, 959 F.2d at 198. Rather, Diaz Barrera admitted that he participated in a social media group where users shared pornography files, including child pornography, he left the group because he did not like the child pornography files being shared, but he saved all of the pornography files to a folder on his phone knowing there was a possibility that child pornography files could be included in what he saved. While the government points to Diaz-Barrera's admission that he knew that the social media group was sharing child pornography generally, that admission may be sufficient to support a finding of intent to possess child pornography but it does not prove he had the intent to possess prepubescent child pornography. The government did not present any evidence that Diaz-Barrera knew the social media group was sharing prepubescent child pornography before he downloaded "all of the pornography files" from the social media group onto his cellphone. Again, the mere fact that Diaz Barrera downloaded child pornography that included prepubescent child pornography did not show that he

6

specifically intended to possess such material.  *See generally Saylor*, 959 F.2d 198;
*Cole*, 61 F.3d 24.

Moreover, unlike the unpublished decision in *Bilus*, where the defendant's
intent to view prepubescent child pornography could be reasonably inferred from
the video file names indicating the participants' ages, the government did not
present any such evidence that the files possessed by Diaz Barrera would have put
him on notice of the participants' ages.  *United States v. Bilus*, 626 F. App'x 856,
877 (11th Cir. 2015).  Rather, the file names listed in the PSI contained no such
identifying information.  Nor is there evidence, like in *Bilus*, that Diaz-Barrera
intended to receive prepubescent materials by viewing the images or videos
involving children that are unquestionably under the age of 12 and then
subsequently downloading them.  626 F. App'x at 877.  That Diaz-Barrera
admitted he viewed at least some of the downloaded child pornography and
possessed the child pornography files for a year and nine months without ever
deleting them does not show that he intended to possess prepubescent child
pornography.  And the government failed to provide any evidence that Diaz
Barrera viewed any of the other prepubescent child pornography in his possession.
The admission that Diaz-Barrera downloaded "all of the pornography files" into
the folder and kept the files for a year and nine months, without more, does not
support a finding that he intended to possess prepubescent child pornography.

7

Finally, Diaz-Barrera did not admit to such intent by pleading guilty. In *Saylor*, this Court discussed the indictment's failure to allege the prepubescent ages of the children as additional evidence that the district court clearly erred in finding that the defendant had the requisite intent to apply the enhancement. 959 F.2d at 200. Here, the indictment charged that the child pornography that Diaz-Barrera possessed involved a prepubescent minor and a minor who had not attained 12 years of age. The factual proffer underlying the plea agreement also stated that the materials "depicted prepubescent minors." But in pleading guilty and in admitting to this factual proffer, Diaz Barrera admitted only that he possessed materials involving prepubescent minors. He did not admit that he intended to possess such materials so as to satisfy the intent requirement of § 2G2.2(b)(2). *See Aguilar-Ibarra*, 740 F.3d at 592; *Cole*, 61 F.3d at 24. Thus, we vacate and remand for resentencing Diaz-Barrera without this enhancement.

**VACATED AND REMANDED.**