[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-14025

_____

D. C. Docket No. 99-14038 CR-NCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HALLOWELL DUNLAP, a.k.a. Cuddly Dad,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 18, 2002)**

Before EDMONDSON and CARNES, Circuit Judges, and MUSGRAVE*, Judge.

_____

  *Honorable R. Kenton Musgrave, Judge, United States Court of International Trade,
sitting by designation.

PER CURIAM:

Appellant Hallowell Dunlap was arrested and pleaded guilty to transporting child pornography in interstate commerce, a violation of 18 U.S.C. § 2252A(a)(1). He appeals his sentence, arguing that certain enhancements under the federal sentencing guidelines were improperly applied. We VACATE the district court's sentence and remand for further evidentiary hearings and resentencing.

BACKGROUND

Dunlap pleaded guilty to the charge that he violated 18 U.S.C. § 2252A(a)(1), which forbids the transport of child pornography through interstate commerce: the plea was based on an electronic transmission made on 21 May 1998. At sentencing, the district court imposed a four-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(3), finding that Dunlap's offense involved violent or sadistic depictions.[1] The court also enacted a five-level enhancement, pursuant to

---

[1] In August 1998, law enforcement agents executed a warrant allowing them to search Dunlap's residence. During a search of a computer located at Dunlap's nearby office (Dunlap directed federal agents to this second computer and authorized them to search it), agents found several hundred pornographic images. The district court determined that several of these images depicted sadistic or violent acts involving minors.

U.S.S.G. § 2G2.2(b)(2), for distribution of child pornographic images. Dunlap challenges these sentence enhancements.

DISCUSSION

This case involves the interpretation of the federal sentencing guidelines. We review such legal conclusions *de novo*. See United States v. Miller, 166 F.3d 1153, 1155 (11th Cir. 1999).

• Enhancement for Possession of Sadistic Material

The federal sentencing guidelines provide that where a person is convicted of a child pornography offense, that person's sentence shall be increased by four levels where "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(3). Dunlap first argues -- as a legal matter -- that the sadistic images discovered in August 1998 are not "relevant conduct" for the purposes of the sentence enhancement because

3

they are not the same images sent in the transmission that formed the basis of his conviction.[2]

Under the sentencing guidelines, "the offense" for which a defendant can be sentenced includes "the offense of conviction and all relevant conduct." U.S.S.G. § 1B1.1, application note 1(k). "Relevant conduct" includes "all acts and omissions committed . . . by the defendant . . . that occurred *during the commission of the offense of conviction. . ..*" U.S.S.G. § 1B1.3(a)(1) (emphasis added). Under any ordinary interpretation of the word "during," if Dunlap possessed the sadistic images when he (in May 1998) transmitted the child pornography, then the possession is "relevant conduct." The government need not establish that the sadistic pictures were ever actually transmitted.[3]

Dunlap makes a second argument that touches on section 2G2.2(b)(3). Dunlap, on appeal, contends that the evidence does not, in fact, support the application of section 2G2.2(b)(3). Because Dunlap did not clearly object to the

---

[2]Dunlap also argues that insufficient evidence exists to establish that he had the knowledge and intent to possess the sadistic materials. This argument is without merit. The materials were found on Dunlap's own computer. Dunlap made statements leading up to the May transmission that could be construed as an allusion to the sadistic images found in August 1998. See United States v. Tucker, 136 F.3d 763 (11th Cir. 1998).

[3]This conclusion is consistent with that of the Seventh Circuit in United States v. Ellison, 113 F.3d 77 (7th Cir. 1997), and the dissent of Judge Garza in United States v. Fowler, 216 F.3d 459 (5th Cir. 2000).

4

trial court on this insufficient-evidence basis,[4] the district court can be reversed only upon our finding of plain error. See United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995). Plain error exists where 1) there is error; 2) the error is plain and 3) the error affects substantial rights. See id.

The government concedes – and we agree – that no evidence was presented to establish that Dunlap, in fact, did possess the sadistic materials at the same time he transmitted the child pornography. Imposing a sentence enhancement without a supporting factual basis can constitute plain error. See United States v. Ramsdale, 61 F.3d 825, 832 (11th Cir. 1995). Here, the lack of an evidentiary foundation for the application of the guideline is error; it is plain; and the enhanced sentence substantially affects Dunlap's rights. See id.

On remand, we instruct the district court to allow the government to present further evidence on the question of timing. Where a sentence enhancement has been set aside for insufficiency of the evidence and where the defense did not object to that lack of evidence in the district court, our practice has been to remand

---

[4]At the district court's sentencing proceedings, Dunlap's lawyer stressed that his objection to the application of section 2G2.2(b)(3) was "simply a legal question" and focused entirely on the legal argument discussed by us at the outset of this part of the opinion. The sufficiency of the evidence supporting the application of the guideline was not challenged. These questions -- one that is a question of what the law allows and one that is a question of what this record shows -- are distinct, and we do not consider the factual argument to have been properly raised before the district court.

the case and to allow the government to present further evidence. See Ramsdale, 61 F.3d at 832; see also United States v. Harness, 180 F.3d 1232, 1236 n.2 (11th Cir. 1999).

- Enhancement for Distribution of the Offending Materials

Dunlap's argument that the application of section 2G2.2(b)(2)'s enhancement is improper because Dunlap was not motivated by pecuniary gain is contrary to established law. See United States v. Probel, 214 F.3d 1285, 1287-88 (11th Cir. 2000).

CONCLUSION

The district court's sentence is vacated. We remand to the district court for resentencing. The government must be allowed an opportunity to present further evidence on the question of whether Dunlap possessed the sadistic images at the same time he, in May 1998, transmitted the other child pornography.

VACATED AND REMANDED.

6