[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15989
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00387-TJC-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ALLAN COWAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 19, 2012)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Robert Allan Cowan appeals his convictions and total 1,680-

month sentence for three counts of sexual exploitation of a minor through the

receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); two counts of sexual exploitation of a minor through the production of child pornography, in violation of 18 U.S.C. § 2251(a); and two counts of sexual exploitation of a minor through the possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  On appeal, Cowan argues that: (1) the district court admitted impermissible expert testimony at trial; (2) there was insufficient evidence to support his possession and receipt convictions; (3) the court failed to adequately explain the reasons for its sentence; (4) the court made numerous guideline calculation errors; and (5) the 1,680 month sentence imposed was substantively unreasonable.  Cowan alleges that the court made eight errors in calculating his guideline range, arguing that the court improperly: (1) calculated the base offense level for the group of convictions that included his receipt and possession convictions; (2) imposed the four-level U.S.S.G. § 2G2.2(b)(4) depiction of sadistic or masochistic conduct enhancement; (3) imposed the five-level § 2G2.2(b)(5) pattern of activity of sexual abuse enhancement; (4) calculated the number of images attributable to Cowan, resulting in a five-level § 2G2.2(b)(7)(D) enhancement; (5) imposed the two-level § 3C1.1 obstruction of justice enhancement to his production convictions; (6) failed to apply the two-level 2G2.2(b)(1) reduction; (7) imposed the 2G2.1(b)(2)(A) commission of a sexual act enhancement to his production counts; and (8) calculated the multiple count

2

adjustment.  After reviewing the record and reading the parties' briefs, we affirm

Cowan's conviction and his total sentence.

## I.

We generally review decisions regarding the admissibility of expert

testimony for abuse of discretion.  *United States v. Frazier*, 387 F.3d 1244, 1258

(11th Cir. 2004) (en banc).  When an appellant did not contemporaneously object

to an evidentiary ruling below, we are limited to review for plain error.  *United*

*States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  Plain error is: (1) an error;

(2) that is plain; and (3) affects substantial rights.  But we will only correct such

error if the error seriously affects the fairness, integrity, or public reputation of

judicial proceedings.  *Id.* at 1275–76.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.

A qualified witness may offer expert testimony if: (a) the witness's scientific,

technical or specialized knowledge is helpful to a trier of fact; (b) the testimony is

based on sufficient facts or data; (c) the testimony is the product of reliable

principles and methods; and (d) the witness reliably applied the principles and

methods to the facts of the case.  Fed. R. Evid 702.  Under *Daubert*, the trial court

must determine whether an expert's testimony is based on reasoning or

methodology that is scientifically valid and whether that methodology can be

3

applied to the facts at issue.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93, 113 S. Ct. 2786, 2796 (1993).

Where a witness is not qualified as an expert, he may nonetheless offer opinion testimony pursuant to Federal Rule of Evidence 701.  Opinion testimony is admissible so long as it is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the testimony or to determining a fact in issue; and (c) not based on knowledge within the scope of Rule 702.  Fed. R. Evid. 701. A witness may give otherwise admissible opinion testimony that affects an ultimate issue in a case unless that opinion concerns the *mens rea* of a criminal defendant.  Fed. R. Evid. 704.

A police officer witness's conclusion that images are pornographic in nature does not require qualification as an expert, and is admissible subject to the Rule 701 requirements.  *United States v. Smith*, 459 F.3d 1276, 1297 n.18 (11th Cir. 2006).  In *Smith*, the appellant argued that the officer's testimony was improper opinion evidence offered by a non-expert.  *Id*.  We held that it was not plain error when the district court failed to strike that testimony for violating Rule 702.  *See id*. at 1296–97 & n.18.

Cowan's argument on appeal is that ICE Special Agent James Greenmun offered impermissible expert testimony when he testified that the photographs Cowan took of his daughter constituted pornography.  On appeal, Cowan raises

4

only Rule 702 and *Daubert* as reasons why Greenmun's testimony should not have been admitted.

Cowan did not raise an objection to the challenged testimony in the district court, so we review this issue for plain error only. *See Turner*, 474 F.3d at 1275. While the court, without objection, qualified Greenmun as an expert, his expertise was limited to computer forensics. His testimony that Cowan's photographs constituted pornography was an opinion separate from the expert testimony he was qualified to offer. Under *Smith*, Rule 702 does not govern a witness's opinion testimony that an image constituted pornography. *See Smith*, 459 F.3d at 1297 n.18. Therefore, Cowan's argument on appeal fails to meet step one of plain error review.

## II.

We review *de novo* whether sufficient evidence supports a conviction, drawing all reasonable factual inferences from the evidence in favor of the verdict. *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009). Evidence is sufficient to support a conviction if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt. *Id*.

Under 18 U.S.C. § 2252(a)(2), it is a crime to knowingly receive material containing a depiction of a minor engaging in sexually explicit conduct. Under 18 U.S.C. § 2252(a)(4)(B), it is a crime to knowingly possess material containing a

5

depiction of a minor engaging in sexually explicit conduct.  The word "knowingly" in § 2252 applies both to the relevant action, such as receipt, and to the nature of the material in question.  *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68–69, 78, 115 S. Ct. 464, 467, 472 (1994) (assuming, in a § 2252(a)(2) conviction, that "knowingly" applied to the relevant action, and holding that the *mens rea* extended to the nature of the material as well).

We have previously applied the *X-Citement Video* reasoning to a § 2252(a)(4)(B) possession of child pornography conviction.  *See United States v. Alfaro-Moncada*, 607 F.3d 720, 733 (11th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1604 (2011).  In *Alfaro-Moncada*, we held that there was sufficient evidence to support the appellant's knowing possession of child pornography where the appellant: possessed DVDs that had covers that suggested that they contained child pornography; admitted to watching a "little bit" of the videos; and, although he had testified that he intended to dispose of the videos, placed the DVDs in his desk drawer.  *Id*. at 732–34.

Where a defendant testifies at trial, he runs the risk that the jury might disbelieve him and conclude that the opposite of his testimony is true.  *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004).  Accordingly, where there is some corroborative evidence of a defendant's guilt, the defendant's testimony denying guilt may, by itself, establish elements of the offense.  *Id*. at

6

1326. We have previously noted that this rule is particularly relevant where the testimony concerns subjective elements such as the defendant's intent or knowledge. *Id*.

Cowan's only argument regarding sufficiency of the evidence on appeal is that insufficient evidence supported a conclusion that he had the requisite *mens rea* to commit the receipt and possession offenses. However, there was sufficient evidence, granting every reasonable inference in favor of the verdict, to support a conclusion that Cowan knew that: (1) he received material containing child pornography; and (2) he possessed material containing child pornography.

Cowan testified that he inadvertently received the files containing child pornography when he searched on Lime Wire for martial arts and naval videos, using search terms like "torpedo." He also testified that he never knowingly downloaded a file if it had a file name that was indicative of child pornography, and if he did accidentally download such a file, he would delete it as soon as he saw the file name. The jury was free to disbelieve that testimony, and conclude that the opposite was true. *See Williams*, 390 F.3d at 1325. A conclusion that Cowan knowingly received the files can be corroborated by the fact that, despite his testimony that he would delete files with file names indicative of child pornography, he had files with such names on his media devices. *See Alfaro-Moncada*, 607 F.3d at 733 (evidence that defendant had seen DVD covers that

7

indicated the videos contained child pornography was corroborative of his knowledge of the DVDs' contents). Cowan admitted that he knew that the file names were indicative of child pornography, because he kept a list of terms that were used to identify files that had child pornography. Since there was evidence corroborating Cowan's guilt, his testimony denying guilt supported his convictions for receiving child pornography, particularly because Cowan was testifying regarding his subjective intent. *See Williams*, 390 F.3d at 1326.

Cowan's testimony that he intended to delete all of the child pornography from his media devices, even though child pornography was found on his external hard drives, also supported his possession convictions. *See Alfaro-Moncada*, 607 F.3d at 733–34 (defendant's testimony that he intended to dispose of child pornography did not render evidence of guilt insufficient where the defendant was later found to have not disposed of the material shortly after discovering the nature of its contents). Cowan's testimony that he was familiar with how to store information on computers and external hard drives, and that it was easy to transfer files from one device to another, corroborated the conclusion that he knowingly possessed the files on his external hard drives.

### III.

We typically review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128

8

S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  Whether the district court sufficiently explained its sentence under 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even if the defendant did not raise that issue as an objection below.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). The party challenging the sentence has the burden of establishing that the sentence was unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  A party abandons all issues on appeal that he does not plainly and prominently raise in his initial brief.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guidelines range.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  This court also ensures that the district court treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Id.*  While a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, it should set forth enough to satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] legal decision-making authority.  *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam); *Talley*, 431 F.3d at 786.  The court's acknowledgment that it has considered the § 3553(a) factors

9

together with the parties' arguments is typically sufficient. *Talley*, 431 F.3d at 786. The appropriateness of the brevity or length of a district court's reasons for accepting or rejecting an argument depends upon the circumstances and leaves much to the court's own professional judgment. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

As an initial matter, Cowan abandoned any argument that the district court failed to adequately explain his sentence. *See Jernigan*, 341 F.3d at 1283 n.8. In his brief, he only raises one sentence of argument and does not point to any part of the record that he alleges was deficient.

In any event, the district court stated that it had considered all of the statements and evidence offered during the sentencing hearing. It also, at length, discussed the § 3553(a) factors and how they applied to Cowan. Before imposing its sentence, the court reiterated that it had considered the statutory minimums and maximums, the guideline range, and the § 3553(a) factors. Accordingly, the district court sufficiently demonstrated that it had considered the parties' arguments and had a reasoned basis for exercising its legal decision-making authority. Thus, we conclude it did not abuse its discretion. *See Agbai*, 497 F.3d at 1230; *Talley*, 431 F.3d at 786.

IV.

10

We review *de novo* a district court's interpretation of the Sentencing Guidelines and the application of law to sentencing issues. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1783 (2011). With respect to particular enhancements, we review *de novo* the district court's application of an enhancement, and we review for clear error its factual findings that support the enhancement. *United States v. Hall*, 312 F.3d 1250, 1260 n.12 (11th Cir. 2002). The court may base its findings of fact on evidence from the trial, sentencing hearing, or undisputed statements in the PSI. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). A misapplication of the guidelines should not result in a reversal of an otherwise reasonable sentence if it is clear that the error did not affect the court's sentence. *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006). When interpreting the Sentencing Guidelines, this Court uses traditional rules of statutory construction. *United States v. Mandhai*, 375 F.3d 1243, 1247 (11th Cir. 2004). Absent ambiguity, a guideline provision's meaning is derived from its plain language. *Id*.

U.S.S.G. § 1B1.1 provides instructions on how to apply the guidelines to a particular sentence, including the order in which guidelines provisions should be applied. *See* U.S.S.G. § 1B1.1(a). After determining the applicable guideline offense section, the court should determine the base offense level for each conviction, applying any specific offense characteristics, cross references, and

11

special instructions in the order that they are listed. *Id*. § 1B1.1(a)(2). After applying any applicable Chapter Three adjustments, the court should then, if there are multiple counts of conviction, repeat the first three steps for each count of conviction and "[a]pply Part D of Chapter Three to group the various counts and adjust the offense level accordingly." *Id*. § 1B1.1(a)(4). The commentary to § 1B1.1 provides that, where "two or more guideline provisions appear equally applicable" the court should use the provision that results in the greater offense level. *Id*. § 1B1.1 cmt. n.5.

The offense levels for convictions under 18 U.S.C. § 2252 are calculated pursuant to U.S.S.G. § 2G2.2. *See* U.S.S.G. § 2G2.2 cmt. The base offense level for a conviction under 18 U.S.C. § 2252(a)(4) is 18. U.S.S.G. § 2G2.2(a)(1). The base offense level for a conviction under 18 U.S.C. § 2252(a)(2) is 22. *See* U.S.S.G. § 2G2.2(a)(2).

When a defendant has multiple counts of conviction, the court shall group the counts pursuant to U.S.S.G. § 3D1.2 and determine the offense level for each group pursuant to § 3D1.3. U.S.S.G. § 3D1.1(a)(1), (2). Convictions covered by § 2G2.2 "are to be grouped" together. *Id*. § 3D1.2(d). In calculating the base offense level for a group of convictions that "involve offenses of the same general type to which different guidelines apply," the court should "apply the offense guideline that produces the highest offense level." *Id*. § 3D1.3(b).

12

The guidelines call for a four-level increase if "the offense involved material that portray[ed] sadistic or masochistic conduct or other depictions of violence . . . ." U.S.S.G. § 2G2.2(b)(4). We have previously held that this enhancement is warranted if: (1) the minor in the image is a young child; and (2) the image portrays vaginal or anal penetration of the young child by an adult male. *Hall*, 312 F.3d at 1261–63. Such conduct "would necessarily be painful" and is therefore sufficient to meet the sadistic prong of the enhancement. *Id.* at 1262–63, 1262 n.15. In *Hall*, we said that a child younger than 12 sufficiently meets the "young child" standard. *Id.* at 1263.

We have also held that, in order for the depiction of sadistic conduct enhancement to apply, there must be evidence that the defendant intended to possess material depicting minors engaging in sadistic, masochistic, or violent acts. *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir. 1998) (per curiam). We subsequently held that the enhancement was warranted where there was evidence that the defendant had the intent to receive the photographs that depicted adult men vaginally and anally penetrating young children. *See United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999). However, the guidelines commentary now instructs that the enhancement should apply "regardless of whether the defendant specifically intended to possess . . . such materials." U.S.S.G. § 2G2.2 cmt. n.2.

13

The commentary regarding the intent of the defendant was added in 2004, after our decision in *Tucker*. *See* U.S.S.G. app. C, amend. 664.

The guidelines call for a five-level specific offense characteristic increase if the defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor . . . ." U.S.S.G. § 2G2.2(b)(5). The guidelines commentary defines a pattern of activity as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant . . . ." *Id*. § 2G2.2 cmt. n.1. It defines "sexual abuse or exploitation of a minor" as, *inter alia*, conduct described in § 2251(a). *Id*. The enhancement applies whether or not the abuse or exploitation: (1) occurred during the course of the offense; (2) involved the same minor; or (3) resulted in a conviction. *Id*. We have held that two or more separate instances of abuse or exploitation of a minor is all that is needed to apply the enhancement. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam).

The guidelines call for a 5-level specific offense characteristic increase if the offense involved the possession of 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D). Under the commentary, each video is considered to have 75 images. *Id*. § 2G2.2 cmt. n.4(B)(ii).

In considering whether images found in a cache, or temporary internet folder, can serve as the basis of a receipt of pornography conviction, we have held

14

that images in such a folder can be attributed to the defendant when he intentionally viewed, acquired, or accepted the images, even if he did not intend to save the images to his computer. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (per curiam), *cert. denied*, ___U.S. ___, 132 S. Ct. 113 (2011). Cowan cites a Ninth Circuit case (also cited in *Pruitt*) to argue that images found in a cache folder should not be attributed to a defendant. *United States v. Romm*, 455 F.3d 990 (9th Cir. 2006). However, in *Romm*, the Ninth Circuit concluded that, absent evidence that the images went into such a folder without any action by the defendant, the defendant possessed the images found therein. *See id*. at 998, 1000–01.

The guidelines call for a two-level enhancement where a defendant wilfully obstructed or impeded the administration of justice in relation to the offense of conviction. U.S.S.G. § 3C1.1. The adjustment can be applied where a defendant commits perjury pertaining to the conduct that is the basis of the offense of conviction. *Id*. § 3C1.1 cmt. n.4(B). When basing an obstruction of justice enhancement on perjury, the district court must find that the defendant gave perjured testimony on a material matter. *United States v. Vallejo*, 297 F.3d 1154, 1168 (11th Cir. 2002). It is preferable that the district court specifically identify each materially false statement individually. *Id*.

15

The guidelines call for a two-level reduction where the defendant's conduct was limited to the receipt or solicitation of child pornography, and the defendant did not intend to traffic or distribute the pornographic material. U.S.S.G. § 2G2.2(b)(1). The defendant has the burden to prove that a guideline reduction applies to him. *United States v. Zaldivar*, 615 F.3d 1346, 1352 (11th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 959 (2011). For the purposes of determining the guideline range, including the application of specific offense characteristics, the court should consider "all acts and omissions committed . . . during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1). We broadly interpret what constitutes relevant conduct under the guidelines. *United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996) (per curiam). We have held that, under the guidelines, the court may enhance a defendant's sentence based on the possession of certain pornographic images, even if his conviction was based on the transmission of entirely different images, so long as both occurred simultaneously. *See United States v. Dunlap*, 279 F.3d 965, 966 (11th Cir. 2002) (per curiam).

The guidelines call for a two-level increase to a production of child pornography conviction if the offense involved "the commission of a sexual act or sexual contact . . . ." U.S.S.G. § 2G2.1(b)(2)(A). The term "sexual act" includes, *inter alia*, "contact between the mouth and the penis" and "the intentional touching, not through the clothing, of the genitalia of another person who has not

16

attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id*. § 2G2.1 cmt. n.2; 18 U.S.C. § 2246(2). The term "sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." U.S.S.G. § 2G2.1 cmt. n.2; 18 U.S.C. § 2246(3).

The procedure for determining the offense level when there are multiple counts of conviction is governed by U.S.S.G. § 3D1.1. First, the court groups the offenses under § 3D1.2; then the court determines the offense level for each group under § 3D1.3; then if there are multiple groups, the court determines the combined offense level under § 3D1.4. U.S.S.G. § 3D1.1(a). Where there are multiple groups of convictions, the court should assign the group with the highest offense level one unit, then assign one additional unit to each group that has an offense level within four levels of the most serious group. *Id*. § 3D1.4(a). The offense level for the most serious group is then increased based on the total number of units in accordance with the § 3D1.4 chart. *Id*. § 3D1.4 cmt. n.2.

Cowan's possession and receipt convictions were all grouped together, pursuant to U.S.S.G. § 3D1.2(d). Cowan is correct in asserting that his possession convictions, if either was his lone conviction, would have carried a base offense

17

level of 18. *See* U.S.S.G. § 2G2.2(a)(1). However, Cowan's receipt convictions, had any of them been a lone count of conviction, would have had a base offense level of 22. *See* U.S.S.G. § 2G2.2(a)(2). Under the grouping rules, the court should use the offense guideline that produces the highest offense level among the grouped convictions. *See* U.S.S.G. § 3D1.3(b). Therefore, the district court properly determined the base offense level for Group One to be 22. The district court reached a base offense level of 22 through a misapplication of U.S.S.G. § 1B1.1 cmt. n.5. However, that commentary note, by its own text, should only apply "where two or more guideline provisions appear equally applicable." U.S.S.G. § 1B1.1 cmt. n.5. Since the grouping rules clearly define which offense level should apply, there are not two equally applicable guideline provisions. Nevertheless, since the court used the correct base offense level, the guideline range was unaffected, and the sentence that it imposed surely would not have been different. *See Keene*, 470 F.3d at 1350.

The court did not err in imposing the § 2G2.2(b)(4) depiction of sadistic or masochistic conduct enhancement. Since Cowan raised no objection to the factual portion of the PSI, the facts contained therein can be used to support the district court's findings of fact. *See Wilson*, 884 F.2d at 1356. The PSI contained descriptions of some of the images and videos found in Cowan's possession. According to the descriptions, several of the images and videos depicted an adult

18

male vaginally or anally penetrating young girls, some of whom were described as infants. Cowan's argument that there was no evidence that he had the intent to possess sadistic images and videos is not persuasive. First, the guidelines commentary now instructs that such a showing is not necessary. *See* U.S.S.G. § 2G2.2, comment. (n.2). Even if such a finding was still required, the file names of several of the images and videos suggested that they contained depictions of adults vaginally or anally penetrating very young girls. Cowan's intent can be inferred from the file names. Therefore, it was not clear error for the district court to conclude that Cowan intended to possess depictions of sadistic conduct. *See Garrett*, 190 F.3d at 1224.

The court did not err in imposing the five-level pattern of activity of sexual abuse enhancement. The guidelines commentary specifically lists conduct described in § 2251(a) as conduct that warrants the enhancement. *See* U.S.S.G. § 2G2.2 cmt. n.1. Cowan was convicted of two instances of having committed conduct that violated § 2251(a). Therefore, the court did not clearly err in finding that the § 2G2.2(b)(5) enhancement was warranted.

The court also did not err in concluding that Cowan possessed more than 600 images depicting child pornography, warranting the five-level § 2G2.2(b)(7)(D) enhancement. Cowan's only argument on appeal is that the district court failed to account for images that were contained only in temporary

19

internet, or cache, folders. However, Cowan does not point to any image or video that he asserts was found in such a folder. Moreover, only considering the videos found on Cowan's external hard drives, there was evidence of more than 600 images. There was trial testimony that there were seven videos on the Toshiba external hard drive and four videos on the Maxtor external hard drive. Those 11 videos, each counting as 75 images, constituted 825 images. *See* U.S.S.G. § 2G2.2 cmt. n.4(B)(ii).

Cowan abandoned any argument concerning the two-level § 3C1.1 obstruction of justice enhancements applied to his production convictions. While he summarizes the law regarding the obstruction of justice enhancement, Cowan presents no real argument on appeal identifying any error by the district court. *See Jernigan*, 341 F.3d at 1283 n.8. Even if properly raised, Cowan's argument lacks merit. The court made specific findings of perjury as to both production counts and specifically identified the false testimony that it believed applied to each. *See Vallejo*, 297 F.3d at 1168. Cowan testified that he did not intend for the pictures that constituted either count to be pornographic in nature and that it was only after reviewing the photos later that he realized they may have been problematic. The court found that, based on the obviously sexual nature of the photographs, Cowan's testimony was perjured, and that it was material because it went to his intent. Since some of the images in both counts focused on the victim's genitalia,

20

and at least one of the images depicted the victim grabbing her genitalia, the district court's conclusion was not clearly erroneous.

The district court did not err in declining to impose the two-level § 2G2.2(b)(1) reduction to Cowan's possession and receipt convictions. Under the guidelines and *Dunlap*, Cowan's "conduct" includes all conduct that occurred during his commission of the Group One offenses. *See Dunlap*, 279 F.3d at 966. Simultaneous to his possession of the Group One images, Cowan possessed pornographic images that he produced depicting his daughter. Therefore, it was not clear error for the court to conclude that Cowan's conduct and intent were not limited to the receipt or solicitation of child pornography.

The court also did not err in imposing the two-level § 2G2.1(b)(2)(A) commission of a sexual act enhancement. Cowan's only argument on appeal is that no "willful action" was demonstrated. That argument is belied by the court's finding of molestation, which was supported by the PSI. It was not clear error for the court to have concluded that Cowan acted willfully in molesting his daughter.

Last, Cowan has demonstrated no error on appeal in the court's multiple count calculations. Cowan's brief states that he is appealing the § 3D1.4 multiple count adjustment. The only argument present in his brief is a recitation of his objection below to the portions of the PSI that dealt with the multiple count adjustment and "the determination of units calculated for [the § 3D1.4]

21

adjustment," because "the adjustment is 'unfair and unreasonable since the conduct involves the same victim in a discrete period of time.'"   However, in support of that argument, he cites exclusively to the commentary that accompanies § 3D1.2. Section 3D1.2 applies only to the determination of what offenses should be grouped together—not to the determination of how many units should be attributed to each group.  Therefore, we conclude that Cowan does not raise any relevant argument on appeal that the court erred in performing the multiple count adjustment.  Cowan cannot be said to have properly raised the propriety of the § 3D1.2 grouping on appeal, since he explicitly states that he is appealing the § 3D1.4 calculation, and cites only to portions of the record that deal with the § 3D1.4 calculation.

## V.

On substantive reasonableness review, we can "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1813 (2011).  The party challenging the sentence bears the burden to show it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010), *cert.*

*denied*, ___ U.S. ___, 131 S.Ct. 674 (2010). This court does not presume that a sentence imposed within the guideline range is reasonable, but we ordinarily expect sentences within the advisory guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Among the factors that the court should consider in sentencing are the history and characteristics of the defendant, the guideline range, and the need for the sentence to reflect the seriousness of the offense and to protect the public from the defendant's future crimes. 18 U.S.C. § 3553(a). The weight to be given any particular factor in sentencing generally is left to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). The length of the actual sentence imposed, as compared with the guidelines range and statutory maximum, may be considered when reviewing reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

In *Irey*, we found a below-guidelines sentence for a defendant convicted of a child sex crime substantively unreasonable. *See Irey*, 612 F.3d at 1224–25. In reaching that conclusion, we noted that child sex crimes "are among the most egregious and despicable of societal and criminal offenses," and that the greater the harm, the longer the sentence that should be imposed. *Id*. at 1206 (internal quotation marks omitted). We also noted that when child pornography is produced

23

in conjunction with sexual abuse, the harm to the child victim is greater. *Id*. at 1208.

We have previously affirmed a 100-year sentence as reasonable for a first-time offender who sexually abused his step-daughter and took photographs of the step-daughter performing sex acts on him, *United States v. Sarras*, 575 F.3d 1191, 1200–01, 1220 (11th Cir. 2009), and a 140-year sentence for a defendant who pleaded guilty to producing pornographic images of three minor victims. *United States v. Johnson*, 451 F.3d 1239, 1241, 1244 (11th Cir. 2006) (per curiam).

Cowan cites his health, psychological history, and lack of criminal history in support of his argument that his total sentence was unreasonable. However, in his argument, Cowan does not address the nature or the seriousness of the offenses for which he was convicted. As we have previously stated, child sex crimes are among the most serious criminal offenses. *See Irey*, 612 F.3d at 1206. The court, in imposing the sentence, considered Cowan's personal characteristics. It also considered the seriousness of the offense, the need to protect the public, and the guidelines. Balancing the factors, the court imposed the guideline range and statutory maximum total sentence of 1,680 months. While Cowan asks us to vacate that sentence in light of his personal history, we generally leave the decision on how to weigh each factor to the discretion of the district court. *See Amedeo*, 487 F.3d at 832. Given the seriousness of the offenses, we conclude that the

24

district court did not impose a total sentence that was "outside the range of reasonable sentences." *See Irey*, 612 F.3d at 1190. Thus, Cowan's total sentence is affirmed.

**AFFIRMED.**

25